999 F.2d 546
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Abe WILLIAMS, Jr., Plaintiff-Appellant,
v.
Eddie YLST, Defendant-Appellee.
 No. 92-16655.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 16, 1993.*
Decided July 22, 1993.
 
 Before: WALLACE, Chief Judge; O'SCANNLAIN and D.W. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Williams was convicted in California state court of second degree murder committed with a dangerous weapon for the beating death of his girlfriend's daughter. After exhausting his claims in state court, Williams filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On December 26, 1991, the district court summarily dismissed several of Williams' claims. See Rule 4 of the Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254. Then, in an order filed on July 1, 1992, the district court denied Williams' petition as to all of his remaining claims save his assertion that the trial judge made a racially biased comment during voir dire. On August 12, 1992, after reviewing a transcript of the voir dire, the district court denied Williams' petition on his claim of racial bias. Williams does not pursue that claim before this court.
 
 
 3
 * Williams seeks to introduce affidavits from several of the jurors. For that purpose, he has filed two motions to enlarge the record to include materials not before the district court. Those motions are denied. See Tanner v. United States, 483 U.S. 107, 115 (1987) (jurors may not impeach their own verdict); Dallas v. Arave, 984 F.2d 292, 296 (9th Cir.1993) (same); United States v. Bagnariol, 665 F.2d 877, 887 (9th Cir.1981) (same); Fed.R.Evid. 606(b); see also United States v. Sanchez-Lopez, 879 F.2d 541, 548 (9th Cir.1989) (papers not filed with the district court are not part of the appellate record).
 
 II
 
 4
 We review de novo a district court's denial of a petition for habeas corpus, accepting its factual findings unless they are clearly erroneous. Morgan v. Aispuro, 946 F.2d 1462, 1464 (9th Cir.1991). However, a petitioner is not entitled to habeas relief based on trial error unless he can establish that the error had substantial and injurious effect or influence in determining the jury's verdict. Brecht v. Abrahamson, 113 S.Ct. 1710, 1722 (1993).
 
 III
 
 5
 Williams contends that the trial court abused its discretion by denying his request for a continuance, that the trial court committed constitutional error by not consulting him before communicating with the jury, that he received the ineffective assistance of appellate counsel, and that he was deprived of a fair trial due to the trial court's bias. After carefully considering Williams' briefs, and reviewing the record, we affirm the district court's denial of those claims for the reasons set forth in the district court's order of July 1, 1992.
 
 IV
 
 6
 One claim raised by Williams is worthy of further comment. Williams contends that the trial court violated his right to due process by failing to give a negligent involuntary manslaughter instruction. See Bashor v. Risley, 730 F.2d 1228, 1240 (9th Cir.) (a criminal defendant is entitled to adequate instructions on his theory of defense), cert. denied, 469 U.S. 838 (1984). The district court apparently did not recognize this claim, as it was buried within Williams' claim that his appellate counsel was ineffective for not raising a claim of prosecutorial misconduct, a claim which the district court summarily dismissed. We do not consider whether Bashor is still good law following Schad v. Arizona, 111 S.Ct. 2491, 2504-05 (1991) (due process concerns are not implicated where a jury is not faced with an all-or-nothing choice between the offense of conviction and innocence), for it is clear that Williams' theory of defense was actual innocence: he argued at trial that the child's mother committed the murder. Accordingly, even if Bashor remains the law of this circuit, Williams' claim is without merit.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3